LAW LIBRARY

NO. 30678

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

LORI TOWNSEND, Petitioner,

vs.

THE HONORABLE EDWARD H. KUBO, JUDGE OF THE CIRCUIT
COURT OF THE FIRST CIRCUIT, STATE OF HAWAI‘I, and
STATE OF HAWAI‘I, Respondents.

K. HAMADO
CLERK, APPELLATE COURTS
STATE OF HAWAI‘I

2010 AUG 25 AM 10: 33

FILED

ORIGINAL PROCEEDING
(FC-CR No. 10-1-1595)

ORDER
(By: Moon, C.J., Nakayama, Acoba, Duffy, and Recktenwald, JJ.)

Upon consideration of petitioner Lori Townsend's petition for a writ of mandamus and the papers in support, it appears that the respondent judge's August 18, 2010 ruling that petitioner does not have a bona fide Fifth Amendment privilege was not beyond the bounds of reason or in disregard of the law permitting the respondent judge to appraise petitioner's claim of privilege by the respondent judge's personal perception of the peculiarities of FC-CR No. 10-1-1595. See State v. Kupihea, 80 Hawai‘i 307, 312-13, 909 P.2d 1122, 1127-28 (1996). The denial of petitioner's motion to quash the prosecution's subpoena was not a flagrant and manifest abuse of discretion and consequently, petitioner is not entitled to mandamus relief. See Kema v. Gaddis, 91 Hawai‘i 200, 204-05, 982 P.2d 334, 338-39 (1999) (A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action. Such writs are

not intended to supersede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate procedures. Where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which it has a legal duty to act.). Therefore,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

IT IS FURTHER ORDERED that the stay of the proceedings in FC-CR No. 10-1-1595 is lifted.

DATED: Honolulu, Hawai'i, August 25, 2010.